WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|     Plaintiff, ) | CR 03-2202 TUC DCB |
| v. ) | |
| Armando Baltazar-Garcia, ) | **ORDER** |
|     Defendant. ) | |

## *BOOKER AND AMELINE:* **RESENTENCING**

The Court finds that had the Sentencing Guidelines been advisory at the time of Defendant's sentencing, it would not have imposed a materially different sentence than the one imposed on August 19, 2004. Resentencing is denied.

Procedural Overview of Sentence:

The Court sentenced Defendant Armando Balatazar-Garcia on August 19, 2004, to 77 months imprisonment for violating 8 U.S.C. § 1326(b)(2), reentry of an alien after deportation for a felony. The Guideline range was 77 to 96 months, because of a Criminal History Category VI based on a violent felony conviction for lewd and lascivious conduct with a child and additional felony convictions for theft related offenses. (Presentence Report at 13.) The Court imposed a sentence at the low end of the guideline range, contrary to the recommendation in the Presentence Report for 86 months, a sentence in the middle of the range.

The Defendant appealed the sentence on September 7, 2004. On January 17, 2006, the Ninth Circuit Court of Appeals issued a Memorandum Decision and entered Judgment

on February 8, 2006, remanding the case and directing this Court to consider the Defendant's sentence in light of *United States v. Booker*, 125 S. Ct. 738 (1005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005 (en banc), and to *see also*: *United States v. Moreno-Hernandez*, 2005 WL 1560269 (9th Cir. July 5, 2005).

      The remand did not identify any constitutional infirmity in the Court's calculation of the guideline range applicable for Defendant's sentence, which this Court made after careful consideration of the Presentence Report and a full hearing at the time of sentencing. Accordingly, the Court selected the applicable sentencing guideline range at the time of Defendant's sentencing on August 19, 2004. The Court does not need to revisit this calculation on remand.

      Subsequent to remand, on March 1, 2006, the Court called for full briefing of 18 U.S.C. § 3553(a) sentencing factors, which pre-*Booker* were largely overshadowed by now excised § 3553(b), which mandated that judges select a sentence within the applicable guideline range unless the statutory standard for a departure was met. The parties have filed their resentencing briefs.

Defendant's Argument for Resentencing:

      Defendant argues that a lesser sentence is warranted because Defendant has long ties to the United States, which made it "virtually inevitable that defendant would reenter the United States given his long-standing ties and his lack of ties with his native country." (D's Brief at 3.) The Court should not consider his prior conviction for lewd and lascivious conduct with a minor, a violent felony for guideline sentencing, because the victim "expresses a desire to have this conviction not held against him." *Id.* Additionally, the Defendant argues that his strong family ties make rehabilitation especially optimistic. He submits that his "criminal history is over-represented because 9 of his 15 criminal history points are for stealing cars before the age of 25." *Id.* He argues that his rejection of a plea agreement did not result in extra work for the Government because he plead straight up to

the indictment, therefore, his guideline sentence was excessive in that he did not receive any "fast-track" discounting in points. *Id.*

Defendant asks the Court to fashion a sentence which will deter him from continuing to enter the United States illegally while at the same time recognizing that further institutionalizing him does little to enhance his possible reentry into a productive life in his home country. *Id.* at 2.

The sentence imposed by the Court on August 19, 2004, satisfies this request. The Court reviews the Defendant's criminal history. He began steeling cars at the age of 19 in 1991. There was an uncharged incident involving stolen property when he was 20 years old. At 21, he was charged with a misdemeanor; the charge is unknown, but he received 36 months of probation and 270 days in jail. In 1995, when he was 23 years old, he was again charged and convicted for receiving stolen property, enhanced by his prior felony conviction, he was sentenced to 2 years in prison, paroled and deported in September of 1996. At 24, he was also charged with taking a vehicle without the owner's consent. Back in the country at the age of 25, Defendant was sentenced on May 19, 1997, to 2.4 years imprisonment for taking a vehicle and receiving stolen property. The sentence was enhanced for prior felonies, but stayed. Defendant was paroled to immigration and deported on September 22, 1998. He returned to the United States and on October 12, 2000, Defendant was recommitted, until paroled to immigration and again deported on April 2, 2001.

Defendant's stepdaughter, the victim of the lewd and lascivious offense, reported that in late 2000, the Defendant had lewd and lascivious contact with her which was never reported to police. He again assaulted her on or about May 1, 2002, resulting in the charge and conviction for lewd and lascivious act on a child. He was sentenced on January 9, 2003, Defendant was sentenced to 2 years imprisonment. He was paroled to immigration and deported on August 18, 2003. He was arrested for the instant offense, illegal reentry after deportation for a felony on October 16, 2003.

Defendant's criminal history points are NOT over-represented. His criminal record is constant, extending over fourteen years. He was first deported in September of 1996. Since then, he has repeatedly returned to this country, committed an offense, been arrested, charged, convicted, and incarcerated, released and deported, and returned. Defendant is precisely the type of criminal that must be incarcerated to deter him from continuing to enter the United States illegally, and to deter him from committing another offense. The Court finds that in Defendant's case incarceration is the best way to protect society.

Defendant was lucky to receive a sentence at the low-end of the guideline range. The Court is not persuaded by his stepdaughter's letter. As long as the conviction for the lewd and lascivious act stands, this Court's sentence is appropriate.

Under the now advisory guideline scheme this Court may consider the above relevant facts and circumstances to determine the defendant's sentence, regardless of whether those facts or circumstances are found by a jury or admitted by a defendant. *See Ameline*, 409 F.3d at 1077-78 ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.")

Conclusion:

The 77 month sentence imposed by the Court falls within the sentencing guideline range for the offense. In addition to considering the applicable guideline sentence in this case, the Court also considers the sentencing factors in § 3553(a) argued by the Defendant in his resentencing brief. The Court finds that the sentence it imposed was sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection 18 U.S.C. § 3553(a). Specifically, it reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense; affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. The Court finds that, considering the applicable guideline range calculation as advisory, it would not have imposed

4

a materially different sentence than the one imposed on August 19, 2004. This remains the Defendant's sentence. There is no reason to resentence the Defendant.

**Accordingly,**

**IT IS ORDERED** that the sentence, reflected in the Judgment and Commitment issued on August 19, 2004, remains the sentence in this case.

**IT IS FURTHER ORDERED** that resentencing having been denied by this Court, pursuant to the limited remand provisions set forth in *Ameline*, this Order is final and appealable.

DATED this 26th day of April, 2006.

David C. Bury
United States District Judge

5